FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 16 2011 ★
BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JERROD MARTIN,

                              Petitioner,

             - against -

UNITED STATES OF AMERICA,

                              Respondent.
------------------------------------------------------------- X
UNITED STATES OF AMERICA,

                              Plaintiff,

             - against -

JERROD MARTIN,

                              Defendant.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

09 Civ. 2337 (BMC)

03 Cr. 0795-1 (BMC)

**COGAN**, District Judge.

This decision and order consolidates and rules upon a motion and a petition in two proceedings: (1) a motion to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2); and (2) a habeas corpus petition to vacate a sentence pursuant to 28 U.S.C. § 2255.

On July 18, 2007, Judge David Trager sentenced petitioner to 150 months and 60 months, consecutively, on his guilty plea, pursuant to a plea agreement, to charges of (1) conspiracy to distribute 50 or more grams of crack cocaine (21 U.S.C. §§ 846, 841(b)(1)(A)); and (2) using a firearm during a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)(i)).

First, petitioner seeks relief under 18 U.S.C. § 3582(c)(2) by reason of the retroactive revision of U.S. Sentencing Guideline §2D1.1 relating to cocaine base. Petitioner's guideline range was not, however, calculated based on the quantity of cocaine base he conspired to distribute. Rather, petitioner's guideline range was calculated pursuant to his responsibility for a drug-related homicide. See U.S.S.G. § 2D1.1(d)(1) (applying U.S.S.G. § 2A1.1 to certain drug offenses "[i]f a victim was killed under circumstances that would constitute [first-degree] murder under 18 U.S.C. § 1111"); U.S.S.G. § 2A1.1 (setting a base offense level of 43 for first degree murder). Guidelines §§ 2D1.1(d)(1) and 2A1.1 have not been revised since petitioner was sentenced. Section 3582(c)(2) only allows a reduction where the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Petitioner would still be in the same guideline range if he were sentenced under the guidelines today. His sentence was therefore not based on a guideline range that was lowered by the revised cocaine base guidelines, and he is not entitled to a reduction. See United States v. Colon, No. 09-1559, 2010 U.S. App. LEXIS 24735, at *5-7 (2d Cir. Dec. 3, 2010).

Second, petitioner seeks relief under 28 U.S.C. § 2255, alleging that his counsel was ineffective in two respects: (1) for not getting him a better plea bargain; and (2) for failing to argue that a consecutive sentence was not required by §924(c), an argument that the Second Circuit adopted two years later in United States v. Williams, 558 F.3d 166 (2d Cir. 2009), vacated, 131 S. Ct. 632 (2010).

As to the first point, petitioner has offered no evidence or even argument that would permit an inference that his attorney could have obtained a better plea bargain. To the contrary, as his attorney advised Judge Trager in his sentencing memorandum, "In plea discussion [sic] with the prosecutor, it was made clear to me that Mr. Martin would have to plead to these two

2

mandatory minimum counts, so that his prison sentence would have to be at least fifteen years."[1]
Petitioner has thus made no showing that his attorneys' conduct on this issue fell below an objective standard of reasonableness, or that he was prejudiced in any way. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-92, 104 S. Ct. 2052 (1984).

As to the second point, without even reaching the question of the waiver in the plea agreement or on appeal, the argument that petitioner says his counsel should have made based on Williams was rejected, and Williams expressly abrogated, by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18 (2010). See also United States v. Tejada, No. 07-5289-cr, 2011 U.S. App. LEXIS 2402, at *2, *11-13 (2d Cir. Feb. 9, 2011) ("Because neither Whitley nor Williams interpreted the 'any other provision of law' segment of the 'except' clause as limited to statutes that impose a higher mandatory minimum for conduct proscribed by § 924(c), i.e., possession, brandishing, or discharge of a firearm in connection with a drug trafficking crime or a crime of violence, we now conclude that these decisions are abrogated by Abbott."). Petitioner thus cannot meet Strickland's second prong, requiring a showing of prejudice.

## CONCLUSION

The motion [406] under 18 U.S.C. § 3582(c) and the petition under 28 U.S.C. § 2255 are denied and the case is dismissed. Because the Court has denied petitioner's motion under 18

---

[1] In the instant case, Judge Trager ordered petitioner's former counsel to respond by affidavit to the allegations of ineffective assistance. The attorney put in an affidavit averring:

> That the undersigned agrees with Mr. Martin, that it would have been much better for Mr. Martin to have been able to plead guilty to a lesser-included charge that would not have required a mandatory minimum ten-year sentence . . . [and] [t]hat given that counsel was unable to so convince the prosecution to allow Mr. Martin to plea [sic] guilty to the lesser-included, non-mandatory minimum sentence charge, it can be argued that counsel was ineffective, and so counsel does not disagree with Mr. Martin in his allegations of having suffered ineffective assistance of counsel in this regard.

This statement has no probative value as counsel obviously and deliberately evaded Judge Trager's attempt to get information as to whether counsel could have obtained a better plea bargain.

3

U.S.C. § 3582(c), petitioner's motion to appoint counsel [370] is terminated as moot. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
February 15, 2011